UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 11-11-KKC

CARLA NEWTON, Individually and
as the Administratrix of the Estate of Phillip Charles Newton          PLAINTIFF

and                           **MEMORANDUM OPINION & ORDER**

SANDYRA COUCH, as Next Friend of
Katlain Newton, Kasandyra Newton, and Kimberly Newton      INTERVENING PLAINTIFF

v.

UNITED COAL COMPANY, LLC and
KENNETH MCCOY                                      DEFENDANTS

\* \* \*   \* \* \*   \* \* \*   \* \* \*

        This matter is before the Court on the Plaintiff's Motion to Remand [DE 6]. The Plaintiff

argues that the voluntary/involuntary rule prohibits the Defendants from removing this case to

federal court on the basis that the only non-diverse Defendant was dismissed pursuant to a state

court order. The Defendants do not dispute the applicability of the voluntary/involuntary rule,

but instead argue that removal was proper because the non-diverse Defendant was fraudulently

joined to prevent removal. Although fraudulent joinder is an exception to the

voluntary/involuntary rule, the Court finds that the exception is not applicable in this case.

Therefore, the Court will grant the Plaintiff's Motion to Remand this case back to state court.

I.      **BACKGROUND**

        Phillip Newton worked for Sapphire Coal Company as a continuous mining machine

operator. During his shift on December 16, 2009, a large rock fell from the roof of the mine,

striking and killing Phillip.

Phillip's widow, Carla Newton, filed a wrongful death action in state court against Sapphire, Sapphire's mine foreman Israel Clark, and Sapphire's parent, United Coal Company, LLC. In her Complaint, the Plaintiff alleges that Phillip's death was the result of the Defendants' failure to comply with various safety statutes and regulations. The Plaintiff also alleges, among other things, that Clark failed to identify the adverse roof conditions and did not instruct Phillip to reduce the cut depth because of the adverse conditions, despite having twice been in the area where the accident occurred and having seen the adverse roof conditions. The Plaintiff seeks compensatory and punitive damages, as well as damages for loss of spousal consortium.

Phillip's minor children later intervened in the case and named Kenneth McCoy, United's Vice President of Operations, as a Defendant. The children also made a claim for loss of parental consortium.

Defendants Sapphire and Clark then filed a motion to dismiss, arguing that the Plaintiff's claims were barred by the exclusive remedy provision of the Kentucky Workers' Compensation Act found in KRS 342.690. The state court agreed and granted the motion. That created complete diversity of citizenship among the remaining parties because Clark, the only non-diverse Defendant, had been dismissed from the case.

The Plaintiff then filed a motion to alter, amend, or vacate the state court's order. However, before the state court had an opportunity to rule on that motion, the Defendants removed the case to federal court on the basis of the newly created diversity of citizenship jurisdiction.

The Plaintiff now moves this Court to remand the case back to state court. The Plaintiff argues that the voluntary/involuntary rule prohibits the Defendants from removing this case to federal court on the basis that Clark, the only non-diverse Defendant, was dismissed pursuant to a state court order. The Defendants argue that removal was proper because Clark was fraudulently joined to prevent removal.

## II.     ANALYSIS

The Sixth Circuit has recognized that "[i]n order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir. 1993)). However, pursuant to 28 U.S.C. § 1446(b), if a plaintiff's *voluntary* dismissal of a non-diverse defendant results in complete diversity among the parties, the remaining defendants may remove the case to federal court based upon diversity jurisdiction. *See Cobalt Mining, LLC v. Bank of America*, 2008 WL 695887, *2 (W.D. Ky. 2008). That being said, where a non-diverse defendant has been *involuntarily* dismissed, courts have generally held that the case is not removable. *See Wiacek v. Equitable Life Assur. Soc'y of U.S.*, 795 F.Supp. 223, 225 (E.D. Mich. 1992) (collecting cases).

This distinction between voluntary and involuntary dismissals "is grounded in the observation that when a non-diverse party is eliminated from an action pursuant to court order (i.e., involuntarily), the order of dismissal may be the subject of appeal; consequently, although diversity may temporarily exist between the parties, federal jurisdiction might ultimately be

destroyed if the state appellate court reverses the order of dismissal." *Id.* A voluntary dismissal, on the other hand, "demonstrates a plaintiff's permanent intention not to pursue the case against the non-diverse defendant. As a result, unlike an involuntary dismissal, a voluntary dismissal does not present a threat to continued diversity, and courts will generally permit removal." *Id.*

In this case, the Defendants do not dispute the applicability of the voluntary/involuntary rule, or the fact that Clark was involuntarily dismissed from the state court action. Instead, the Defendants argue that removal was proper because Clark was fraudulently joined to prevent removal.

Federal courts have recognized fraudulent joinder as an exception to the voluntary/involuntary rule. *Id.* That is, if the Defendants can show that Clark was fraudulently joined, then removal is permitted despite the fact that Clark's dismissal was involuntary. *Id.* at 226. The Sixth Circuit has said that "[t]o prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). If there is a colorable basis for predicting that a plaintiff may recover against a non-diverse defendant, this Court must remand the action to state court. *Id.* The test is not whether the defendants were added to defeat removal but "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (citations and quotations omitted). The removing party bears the burden of demonstrating fraudulent joinder and all questions of fact and all ambiguities in the controlling state law should be resolved in favor of the plaintiff.

*Id.*

Here, the Defendants argue that the Plaintiff cannot establish a cause of action against Clark under state law because the Plaintiff's claims are barred by the exclusive remedy provision of the Kentucky Workers' Compensation Act. In relevant part, KRS 342.690(1) states:

> If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wire, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. . . .

> The exemption from liability given an employer by this section shall also extend to such employer's carrier and to all employees, officers or directors of such employer or carrier, provided the exemption from liability given an employee, officer or director or an employer or carrier shall not apply in any case where the injury or death is proximately caused by the willful and unprovoked physical aggression of such employee, officer or director.

Since there seems to be no dispute that Sapphire had a workers' compensation policy in place on the date of Phillip's death, Sapphire is exempt from liability under the statute. More importantly, as an employee of Sapphire, Clark would also generally be exempt from liability under the statute. However, the issue here is whether the exception to Clark's exemption from liability applies–that is, whether Phillip's death was proximately caused by the willful and unprovoked physical aggression of Clark.

Although this Court has doubts about whether Clark's alleged conduct amounts to "willful and unprovoked physical aggression," the Court nevertheless finds that there is *arguably* a reasonable basis for predicting that the state law *might* impose liability on the facts involved. *See Alexander*, 13 F.3d at 949. While the Defendants claim that the Plaintiff does not allege that

Clark committed any acts of willful and unprovoked physical aggression, the Plaintiff does allege that despite having twice been in the area where the accident occurred and having seen the adverse roof conditions, Clark did nothing to remedy the imminent danger to Phillip. The Kentucky Court of Appeals has held that

> the immunity provisions of KRS 342.690 are not applicable to a fellow employee whose actions are so far removed from those which would ordinarily be anticipated by the employer that it can be said that the employee causing the injury has removed himself from the course of his employment or that the injury did not arise out of the employment.

*Kearns v. Brown*, 627 S.W.2d 589, 591 (Ky. Ct. App. 1982). This Court cannot say with certainty whether Clark's actions fall within the conduct contemplated by *Kearns*. However, in light of *Kearns*, there is at least *some* reasonable possibility that the state court order dismissing Clark, the only non-diverse defendant, will be reversed or vacated on appeal. *See Wiacek*, 795 F.Supp. at 226.

In other words, while the Plaintiff's claims against Clark may ultimately fail, this Court cannot find that there is no reasonable basis for these claims.[1]

## III. CONCLUSION

Although fraudulent joinder is an exception to the voluntary/involuntary rule, the Court finds that the exception is not applicable in this case. Therefore, the Court must remand this case

---

[1] The Defendants also briefly argue that the voluntary/involuntary rule is inapplicable to a state court dismissal based on jurisdictional grounds. *See Insinga v. LaBella*, 845 F.2d 249 (11th Cir. 1988). However, this Court agrees with other courts in the Sixth Circuit which have declined to adopt the *Insinga* exception to the voluntary/involuntary rule because "[t]he *Insinga* approach . . . fails to recognize an important reason for the voluntary/involuntary rule– that an involuntary dismissal may subsequently be appealed by the plaintiff to a state appellate court and reversed." *Cobalt Mining, LLC*, 2008 WL 695887 at *6 (citations and quotations omitted).

back to the Letcher Circuit Court.[2]

Accordingly, it is **HEREBY ORDERED** as follows:

(1)　　The Plaintiff's Motion to Remand [DE 6] is **GRANTED**;

(2)　　This case is **REMANDED** to the Letcher Circuit Court;

(3)　　This matter is **STRICKEN** from the active docket of this Court; and

(4)　　The Intervening Plaintiff's Motion for Reconsideration [DE 12] is **DENIED AS**

**MOOT**.

Dated this 27th day of June, 2011.

Signed By:

*Karen K. Caldwell*

**United States District Judge**

---

[2] Since the voluntary/involuntary rule requires the Court to remand this case, the Court need not consider the Plaintiff's additional arguments in support of her motion to remand.